Franklin Savings Bank to Use of Daniel H. Miller, Assignee, Plff. in Err., v. Thomas Fatzinger.

Franklin Savings Bank to Use of Daniel H. Miller, Assignee, Plff. in Err., v. D. S. Shade.

Where application has been made to the court by the assignee of an insolvent banking corporation for an assessment and call for unpaid instalments on the capital stock of the corporation and a decree procured, if the plaintiff assented to all its terms, he is bound thereby.

In such case if the court required notice of the decree to be given to the stockholders, as a condition precedent to the attaching of their liability, failure on the part of the assignee to give notice will bar a recovery, in an action to recover an assessment.

Proof that notice directed to the stockholder was placed in the mail, without more, is insufficient to establish the fact that notice was given as required.

(Decided March 8, 1886.)

Errors to the Common Pleas of Lehigh County to review judgments for defendants in actions to recover assessments for unpaid instalments on the stock of an insolvent banking corporation. Affirmed.

---

NOTE.—The decision evidently turns upon the distinction suggested in the opinion, that, where a judgment (or statute) directs that notice shall be given, the party on whom the burden is cast must produce some evidence of its receipt; though in ordinary correspondence proof of mailing may suffice to raise a sufficient presumption of delivery of the letter,—at least until delivery is denied.

A letter properly directed and stamped, proved either to have been put into the postoffice or delivered to a postman, is presumed to have reached its destination at the regular time, and to have been received by the person to whom it was addressed. 2 H. Bl. 509; 16 Mees. & W. 124; 1 H. L. Cas. 381; 3 Watts, 321; 22 N. J. L. 190; 53 Pa. 289; 61 N. Y. 362; 105 Mass. 391; 6 Wheat. 102; Rosenthal v. Walker, 111 U. S. 185, 28 L. ed. 395, 4 Sup. Ct. Rep. 382; United States v. Babcock, 3 Dill. 571, Fed Cas. No. 14,485.

Parol evidence is not admissible to prove the contents of papers alleged to have been sent by mail to the adverse party until they are shown to have been lost or to have gone into the custody of the adversary. If sent by mail they must be shown to have been received,—particularly if their receipt is denied on oath. Allen v. Blunt, 2 Woodb. & M. 121, Fed. Cas. No. 217.

Notice of dishonor of negotiable instruments is sufficiently given by post-

The assignee of the Franklin Savings Bank presented his petition to the court of common pleas, January 15, 1883, alleging the insolvency of the bank, and praying the court to order an assessment to be made.

In response thereto the court made the following order:

Now, May 21, 1883, upon consideration of the petition and bill of D. H. Miller, assignee, for the benefit of creditors of the Franklin Savings Bank, a corporation under the laws of Pennsylvania, filed January 15, 1883, and the answer thereto of William Bear, president of said corporation, and the answer of certain alleged stockholders, it appearing to the court that the allegations in said petition and bill are true, it is adjudged and decreed that each and every stockholder of said corporation legally liable to pay the unpaid balance due upon each and every share of the capital stock pay such balance to said assignee for the use of said corporation within thirty days from the time of notice of the decree: *Provided,* That nothing herein contained shall be taken to be an adjudication of the amount unpaid and actually owing, nor of the liability of any alleged stockholder made a party to this proceeding.

Succeeding the making of this order a notice was sent to each of the stockholders, to his postoffice address, through the mail; at the expiration of thirty days these suits were brought.

The following is the charge of the court below in the action against Fatzinger:

This is an action brought by Daniel H. Miller, assignee, for the benefit of the creditors of the Franklin Savings Bank, against Thomas Fatzinger. The plaintiff seeks to recover an

---

ing in the mail, even though there be a miscarriage in the mails. Act May 16, 1901 (P. L. 194, §§ 96, 105). Before the passage of that act the proof of the mailing of a properly addressed, prepaid letter containing the notice raised a presumption of its receipt. Jensen v. McCorkell, 154 Pa. 323, 35 Am. St. Rep. 843, 26 Atl. 366; McConeghy v. Kirk, 68 Pa. 200.

But where a notice is required to be given by a statute or order of the court a strict compliance with the direction is required, as in FRANKLIN SAV. BANK v. FATZINGER; Beakes v. Da Cunha, 126 N. Y. 297, 27 N. E. 251; Rogers v. Burr, 105 Ga. 432, 70 Am. St. Rep. 50, 31 S. E. 438. And if a statute fails to direct the kind of notice to be given, or the manner of giving it, it is the duty of the court to do so, and the order made must be strictly followed. Re Columbia, 163 Pa. 259, 30 Atl. 6.

amount which he alleges is unpaid upon stock of the Franklin Savings Bank held by the defendant.

The Franklin Savings Bank was a corporation existing by virtue of a special act of assembly, and it was provided in that act of assembly there should be a certain amount of capital stock; that the amount of the shares should be $20 each.

The Franklin Savings Bank made an assignment to Mr. Miller for the benefit of creditors. Mr. Miller, the assignee, proceeded in this court asking the court to make an assessment. That proceeding resulted in a decree made on the 21st day of May, 1883, to the effect that the unpaid instalments of stock should be paid to the assignee.

Mr. Fatzinger, the defendant, has produced a certificate of stock which he says he held, and which is dated May 6, 1870. By that certificate it appears that he held 25 shares of stock; that $4 per share had been paid; and that he held his stock subject to the payment of the unpaid instalments as they might be legally required. We say to you that the assessment made by this court on May 21, 1883, is, for the purposes of this case, to be regarded as a legal requirement to pay the unpaid stock. If the plaintiff is entitled to recover, he is entitled to recover $16 on each share. The defendant had 25 shares, which would make the sum of $400. The plaintiff would be entitled to interest from thirty days after notice was given to Mr. Fatzinger, if you find that notice was given.

The defendant has taken the position that this cause of action is barred by the statute of limitations, which provides that an action should not be brought except within six years from the time the cause of action accrued. We say to you that the statute does not bar a recovery in this case. That the cause of action did not accrue until the assessment was made in 1883 is no reason why the plaintiff should not recover.

The defendant also takes the position that under all the evidence the plaintiff is not entitled to recover. That position is not assented to by the court. There is a question of fact referred to you which the court will call your attention to presently. It is the only question to be considered by you.

The decree of the court, directing that the unpaid instalments of stock should be paid, has been offered in evidence by the plaintiff, and is a necessary step in order to show his right

to maintain his action against the defendant. That decree provided that the unpaid instalments should be paid within thirty days from the time of notice of that decree. We therefore hold that it is material for the plaintiff to show that notice was given to Mr. Fatzinger.

The position taken by the plaintiff is that, inasmuch as Mr. Fatzinger denied liability generally, no notice to him was required; and it is insisted on by the plaintiff that the mere mailing of notice is sufficient, and that a presumption then arises that the defendant received the notice. I cannot assent to that proposition, inasmuch as the decree provided that notice should be given.

It is not alleged in this case that a notice was given to Mr. Fatzinger personally, but it is claimed that he had notice through the public mails. Mr. Metzger testifies that he was counsel for the plaintiff; that on the 22d day of May, 1883, he mailed a copy of the decree to Thos. Fatzinger; that he deposited it in the mail, having put it in the letter box on the street, which no doubt is the proper receptacle for letters intended for the mail. Mr. Fatzinger said that he did not receive that notice. Mr. Metzger said he mailed it to Schnecksville, Pennsylvania, and that that is his proper postoffice. Mr. Fatzinger says he did not receive that notice nor any notice to pay the instalments. He tells us, however, that his son was in the habit of going to the postoffice for him, and went there three times a week, whenever the mail came in, and brought him his letters.

Upon this point the instruction of the court is: that it is not to be presumed because the notice was placed in the mail, if it was placed there, that Mr. Fatzinger received it; and it is not incumbent upon him, in order to avoid the effect of notice, to show that he did not receive it; but we say this to you, that if the letter was deposited in the postoffice you can take that as evidence upon the question as to whether notice was actually received by Mr. Fatzinger; and if in addition to that you have slight corroborative circumstances, you may find that Mr. Fatzinger had notice. It appears, from what Mr. Fatzinger says, he appointed his son his agent to receive his letters. If, therefore, the notice in question came to the hands of the son, it affects Mr. Fatzinger the same as if it had come into his own

hands, because he tells us he sent his son to the postoffice to receive his mail matter.

Is it proved to your satisfaction that Mr. Metzger mailed the notice, as he says he did? If it is, then you will find whether it reached the hands of Mr. Fatzinger or his son, for his son was authorized to receive his mail. As I have stated to you before, I cannot instruct you that from the mere fact of mailing the letter Mr. Fatzinger is to be affected with notice, but I do say that you can receive that as evidence bearing upon the question of notice, and if there is slight corroborative testimony that notice came to Fatzinger, or his son, you can find he had notice, and he is liable the same as if the notice had been served upon him personally. If you find that notice was given, and received by the defendant, the plaintiff is entitled to recover. If you find that the notice was not received by him or his son, your verdict will be in favor of the defendant.

The jury having found for the defendant the plaintiff brought error.

*Edward Harvey* and *Thomas B. Metzger,* for plaintiff in error.—Section 6 of the act of Feb. 9, 1870 (P. L. 118), provides that the Franklin Savings Bank is "to raise and form a capital of not less than $2,000 nor more than $50,000, in shares of $20 each, which capital should at all times be liable to the depositors to the amount of their deposits and the interest accruing thereon." All above what was paid in by the stockholders was an asset of the bank. It was just as much a part of the capital as the amount actually paid. It is a favorite doctrine of the American courts that the capital stock is a trust fund for the payment of the debts of the corporation. Thompson, Liability of Stockholders, § 10.

This fund consists of the money paid in, agreed to be paid in, and that which was paid in but afterwards divided among the members before all the debts were paid. "The stockholders being," says DIXON, Ch. J., "in general, free from personal responsibility, the capital stock constitutes the sole fund to which creditors look for liquidation of their demands. It is the basis of the credit which is extended to the corporation by the public, and a substitute for the individual liability which exists in other cases." Adler v. Milwaukee Patent Brick Mfg. Co. 13 Wis. 60.

The directors have the right and power to call in the unpaid balance due on the capital stock, whenever they think proper. What the directors may refuse to do, if left to their judgment, a chancellor might order done if submitted to him for decision. Price's Appeal, 106 Pa. 421.

The unpaid balance due on the stock is in the nature of an unpaid subscription. As the charter of this bank did not require subscriptions, and as the bank issued its stock subject to the payment of the balance due upon call, this court, in Miller v. Peabody Bank, 15 W. N. C. 76, held that such balance could be recovered from the stockholders. We have, therefore, the high authority of this court for the enforcement of the contract in this case.

And it was decided in West Chester & P. R. Co. v. Thomas, 2 Phila. 344, that such balances pass to the assignees and may be recovered by them for the stockholders.

In Germantown Pass. R. Co. v. Fitler, 60 Pa. 124, 100 Am. Dec. 546, the same question was examined, and it was resolved that unpaid subscriptions are part of the assets of a corporation, and a general assignment for the benefit of creditors passes them to the assignee.

They are regarded as choses in action *in debitum in præsenti solvendum in futuro.* Pittsburgh & C. R. Co. v. Clarke, 29 Pa. 146.

The law does not require as a condition precedent that a call be made and notice given. Subscribers to stock are on the same footing as other single contract debtors. McCully v. Pittsburgh & C. R. Co. 32 Pa. 31.

In Peterson v. Sinclair, 83 Pa. 250, 254, this court says: "This being an ordinary debt, it is attachable as other debts are."

In Yeager v. Scranton Trust Co. & Sav. Bank, 14 W. N. C. 296, this court decided the very question presented by this record: That, when a corporation has made an assignment for the benefit of creditors, all its rights passed substantially to the assignee, and that he was vested with power to make the call for unpaid balances due on the capital stock, and that suit was equivalent to a formal call.

While it is true that the order provides within thirty days from the time of notice of this decree, yet the proceeding was analogous to a bill in equity for an order of leviation. The de-

fendant in error was a party to it by filing an answer setting up that he was not then a stockholder. Certainly the defendant, being a respondent in that proceeding, was bound to take notice of the order of the court. The court had the authority to make the call. When made it was as legal as if done by the directors. There was no necessity for notice to make it valid. And notice was in fact and in law given, when the order was made. That order was binding on all parties to the record. Updegraff v. Cooke, 8 Phila. 336; Com. *ex rel.* Smith v. Dieffenbach, 3 Grant Cas. 368; Grim's Appeal, 42 Phila. Leg. Int. 161.

*John Rupp,* for Thomas Fatzinger, defendant in error.—The rule governing notice of the dishonor of commercial paper is a mere creature of commercial usage, and does not apply to notices in judicial proceedings and ordinary business transactions. Tanner v. Hughes, 53 Pa. 289.

There is no presumption of law that a letter mailed to one at the place he usually receives his letters was received by him. First Nat. Bank v. McManigle, 69 Pa. 156, 8 Am. Rep. 236.

It was held in the case of Kenney v. Altvater, 77 Pa. 34, that a letter stating the dissolution of a firm, sent by mail, properly directed to the defendant, with evidence that the letter was not returned from the dead-letter office, is not sufficient, without other evidence of its receipt, to charge defendant with notice of the dissolution.

There must first be a legal call or assessment; it must first be legally ascertained how much of the unpaid capital stock is required for the payment of the debts of the bank, before the defendant can be called upon to pay.

The corporation, as a banking institution, has gone out of existence, and the stockholders cannot be called upon to pay more than what is required to pay the debts. Not only was an assessment necessary before suit could be brought, but also the assessment upon which an action for unpaid capital stock could be maintained. Bunn's Appeal, 105 Pa. 49.

*Harvey G. Stiles, Evan Holben,* and *John D. Stiles* for D. S. Shade, defendant in error.

PER CURIAM:

These two writs present substantially the same question.

They were argued together. They rest on the form and effect of the order or decree of the court made on the 21st of May, 1883.

It is now argued by the attorney of the plaintiff that the assessment and call for unpaid instalments on the capital stock might have been made without application to court, under authority of Yeager v. Scranton Trust Co. & Sav. Bank, 14 W. N. C. 296.

Granting that this be so, yet that is not the case now before us. It was not so done. Application was made to court; a decree was procured; the plaintiff assented to all its terms and conditions, and is bound thereby. It cannot now repudiate them by claiming what it might have done under other circumstances.

Having failed to give the notice specified in the decree, the verdicts were properly rendered against the bank.

Judgment in each case affirmed.